# UNITED STATES DISTRICT COURT
for the
DISTRICT OF MINNESOTA

| | |
|---|---|
| ReliaFund, Inc., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. _____ |
| v. | ) |
| | ) |
| University Bank, Randal Vidal, Roman Vidal, Luro Vidal, Susana Vidal, Jose Vidal, United States of America, North American Banking Co., Mercantile Bank, University Bank, Sugar Bear Investments, LLC. | ) |
| | ) |
| Defendants | ) |

**COMPLAINT FOR INTERPLEADER
AND DECLARATORY RELIEF**

1. **Statement of Jurisdiction.** This action arises under 28 U.S.C. Section 1335. Upon information and belief the Plaintiff ReliaFund, Inc and multiple Defendants are residents of different states. The United States of America has consented to be sued in this type of proceeding pursuant to 28 U.S.C Section 2410. This matter arises under Federal Rule of Civil Procedure 22.

2. In April, 2011, the U.S. Treasury issued tax refund checks to deceased individuals whose identities' (names and social security numbers) were used to file income tax returns of dubious validity. These twelve checks (totaling $44,517.59) were cashed at a check cashing service owned by Sugar Bear Investments, LLC ("Sugar Bear"), located in Orlando, FL. It is presumed that Sugar Bear distributed the funds to the individuals cashing the checks.

3. Additionally, Sugar Bear cashed five cashier's checks totaling $43,365.50 that were issued as tax refunds to deceased persons by University Bank (located in San Diego). University Bank issues refunds for returns filed via Turbo Tax software. University Bank issues such cashier's checks in the event it is unable to process the refund to the taxpayer's account electronically using the Automated Clearing House system (ACH).

4. Sugar Bear utilized the Plaintiff to process both the U.S. Treasury checks and the cashier's checks from University Bank. Plaintiff received a total of eighteen checks from Sugar Bear investments, LLC (twelve Treasury checks, five cashier's checks, and one corporate check) between 18 and 26 May, 2011.

5. Plaintiff became aware of the possible fraud on May 26, 2011, when its initial deposit to Sugar Bear's depository account was returned by the bank, which gave the reason for not accepting the deposit as "Account Frozen."

6. Plaintiff suspended the two Treasury checks totaling $1,5002.00 received on May 25, 2011 and did not process the two Treasury checks totaling $19,472.00 received May 26, 2011. Sugar Bear's access to Plaintiff's processing system was disabled on May 26, 2011.

7. The Plaintiff holds accounts in North American Banking Company ("NABC") that are used as transactions holding accounts during the Plaintiff's processing operations. On May 31, 2011, NABC issued a letter to Mercantile Bank to support the Plaintiff's attempt to reverse, under the rules of the National Automated Clearing House Association (NACHA), settlements totaling $68,686.34 that were made to Sugar Bear's account at Mercantile Bank. The reversal transactions were unsuccessful because of insufficient funds in the Sugar Bear account.

8. Currently, ReliaFund is holding $38,682.04 in unsettled cash, as a result of suspending or voiding the four U.S. Treasury refund checks. Upon information and belief, there are multiple

parties that may hold and assert claims to the proceeds of the checks.

9. Based upon the multiple claims of right to the proceeds of the checks, Plaintiff is in doubt about who should be paid and faces multiple liability if payment is made to one party defendant and not another.

10. Plaintiff has simultaneously with the filing of this case deposited all of the proceeds of the checks with the Registry of Court.

Therefore, the plaintiff demands that:

(a) each defendant be restrained from commencing any action against the plaintiff on the proceeds of the relevant checks;

(b) a judgment be entered that no defendant is entitled to the proceeds of the checks or any part of it, or that the defendants be required to interplead and settle among themselves their rights to the proceeds of the checks and recover the same from the Registry of Court, and that the plaintiff be discharged from all liability; and

(c) the plaintiff recover its costs.

Date: June 7, 2011

Thomas E. Brever
Bar Number 0011356
Attorney for (Plaintiff) ReliaFund, Inc.
Foster & Brever, PLLC
2812 Anthony Lane So., Suite 200
St. Anthony, MN 55418
tbrever@fosterbrever.com
Tele: (612) 436-3291
Fax: (612) 788-9879